UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Lizardo Aliaga
and other similarly situated individuals,

    Plaintiff(s),

v.

Princess K Investments, LLC
d/b/a The Karol Hotel

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

COMES NOW the Plaintiff Lizardo Aliaga and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant Princess K Investments LLC, d/b/a The Karol Hotel and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Lizardo is a resident of Spring Hill, Hernando County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Princess K Investments LLC, a/k/a The Karol Hotel (from now on The Karol Hotel, or Defendant) is a Florida corporation having a place of business in Clearwater, Pinellas County, Florida, where Plaintiff worked for Defendant. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Pinellas County, Florida, within the jurisdiction of this Court.

## General Allegations

5. This cause of action is brought by Plaintiff Lizardo Aliaga as a collective action to recover from Defendant regular wages, overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable atorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being properly compensated.

6. Defendant, The Karol Hotel, is a hotel and restaurant located at 2675 Ulmerton Rd, Clearwater, Florida 33762, where Plaintiff worked.

7. Defendant, The Karol Hotel, employed Plaintiff Lizardo Aliaga as a cook from April 01, 2021, to June 06, 2022, or 61 weeks.

8. Plaintiff was hired as a non-exempted salaried employee. Plaintiff's salary was set at $932.69, covering 40 hours weekly.

9. Plaintiff worked under the supervision of chef Thomas LNU. Plaintiff had duties as cook, sous chef, food runner, buzz boy, dishwasher, and cleaning employee.

10. During his employment with Defendant, Plaintiff had an irregular schedule, but he worked 5 days per week, an average of 11 hours daily or 55 hours weekly. Furthermore, during April and June, for a period of 6 weeks, Plaintiff worked 11 hours daily for 6 days, or a total of 66 hours weekly. Plaintiff was unable to take bonafide lunch periods.

11. Plaintiff worked in excess of 40 hours every week, but he always received the same amount regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours as required by law.

12. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of

forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. Plaintiff was paid bi-weekly by direct deposits. Plaintiff never agreed with the number of hours paid to him.

15. On or about Friday, June 03, 2022, Plaintiff was scheduled to work from 6:00 AM to 3:00 PM, Plaintiff finished his work, but he felt sick and left 15 minutes earlier. Ten minutes later, chef Thomas LNU texted Plaintiff, admonishing him. Plaintiff explained his reason for leaving earlier, apologized to him, and promised not to do it again.

16. On Monday June 07, 2022. Plaintiff returned to work as scheduled, chef Thomas LNU still seemed angry at Plaintiff. Around 4:00 PM Plaintiff was called to a meeting with Floor manager Jonathan LNU and chef Thomas LNU. In the meeting, Plaintiff was given a warning, and he was put on probation for 90 days for "leaving 15 minutes earlier." Plaintiff thought it was a very unfair sanction, Defendant was punishing him for leaving 15 minutes early when he was working more than 50 hours weekly without overtime payment.

17. The same day, around 7:22 PM, Plaintiff texted chef Thomas LNU asking about his unpaid overtime hours.   The chef stated that they would have a conversation with  Floor manager Jonathan LNU the next day.

18. The next day, Tuesday, June 07, 2022, Plaintiff met with chef Thomas LNU, Floor manager Jonathan LNU, GM Adam Duffley, and an one H.R. representative (woman). Plaintiff was told that he had to work a minimum of 50 hours every week. Plaintiff answered that he wanted to be paid for those overtime hours. Plaintiff was informed that he was suspended until they called him to work.

19. However, the same day, around 4:00 PM, Plaintiff received a call from GM Adam Duffley informing him that he was terminated because he had signed a warning and he did not show up for work that day, June 7, 2022.

20. Plaintiff Lizardo Aliaga seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

24. This action is intended to include any The Karol Hotel employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

25. Plaintiff Lizardo Aliaga re-adopts e every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. Plaintiff Lizardo Aliaga brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant, The Karol Hotel, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel and restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

29. Defendant, The Karol Hotel, employed Plaintiff Lizardo Aliaga as a cook from April 01, 2021, to June 06, 2022, or 61 weeks.

30. Plaintiff was hired as a non-exempted salaried employee. Plaintiff's salary was set at $932.69, covering 40 hours weekly.

31. Plaintiff worked under the supervision of chef Thomas LNU. Plaintiff had duties as cook, sous chef, food runner, buzz boy, dishwasher, and cleaning employee.

32. During his employment with Defendant, Plaintiff had an irregular schedule, but he worked 5 days per week, an average of 11 hours daily or 55 hours weekly. Furthermore, during April and June, for a period of 6 weeks, Plaintiff worked 11 hours daily for 6 days, or a total of 66 hours weekly. Plaintiff was unable to take bonafide lunch periods.

33. Plaintiff worked in excess of 40 hours every week, but he was not paid for overtime hours as required by law.

34. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees.

35. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

36. Plaintiff was paid bi-weekly by direct deposits. Plaintiff never agreed with the number of hours paid to him.

37. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Eight Thousand Ninety-Eight Dollars and 92/100 ($8,098.92)

b. <u>Calculation of such wages</u>:

        Total number of weeks: 61 weeks
        Total number of relevant weeks: 61 weeks

       1.- Overtime for 55 weeks with 55 working hours weekly
          Relevant weeks: 55 weeks
Total hours worked: 55 hours weekly
Salary: $932.69 weekly: 55 hours weekly=$16.96
Hourly rate: $16.96 x 1.5=$25.44
O/T rate: $25.44-$16.96 O/T rate paid=$8.48 half-time O/T
Half-time: $8.48

$8.48 x 15 O/T hours=$127.20 weekly x 55 weeks=$6,996.00

       2.- Overtime for 6 weeks with 66 working hours weekly
          Relevant weeks: 6 weeks
Total hours worked: 66 hours weekly
Salary: $932.69 weekly: 66 hours weekly=$14.13
Hourly rate: $14.13 x 1.5=$21.20
O/T rate: $21.20-$14.13 O/T rate paid=$7.07 half-time O/T
Half-time: $7.07

$7.07 x 26 O/T hours=$183.82 weekly x 6 weeks=$1,102.92

       Total #1 and #2: $8,098.92

c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid overtime wages.

41. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

43. Defendant, The Karol Hotel, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lizardo Aliaga and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Lizardo Aliaga and other similarly-situated individuals and against Defendant The Karol Hotel based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Lizardo Aliaga actual damages in the amount shown to be due

for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff Lizardo Aliaga demands a trial by jury of all issues triable as of right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

45. Plaintiff Lizardo Aliaga re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

46. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

47. Defendant, The Karol Hotel, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a hotel and restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or

the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

48. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

49. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

51. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

52. Defendant, The Karol Hotel, employed Plaintiff Lizardo Aliaga as a cook from April 01, 2021, to June 06, 2022, or 61 weeks.

53. Plaintiff was hired as a non-exempt salaried employee. Plaintiff's salary was set at $932.69, covering 40 hours weekly.

54. Plaintiff worked under the supervision of chef Thomas LNU. Plaintiff had duties as cook, sous chef, food runner, buzz boy, dishwasher, and cleaning employee.

55. During his employment with Defendant, Plaintiff had an irregular schedule, but he worked 5 days per week, an average of 11 hours daily or 55 hours weekly. Furthermore, during April and June, for a period of 6 weeks, Plaintiff worked 11 hours daily for 6 days, or a total of 66 hours weekly. Plaintiff was unable to take bonafide lunch periods.

56. Plaintiff worked in excess of 40 hours every week, but he was not paid for overtime hours as required by law.

57. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees.

58. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

59. Plaintiff was paid bi-weekly by direct deposits. Plaintiff never agreed with the number of hours paid to him.

60. On or about Friday, June 03, 2022, Plaintiff was scheduled to work from 6:00 AM to 3:00 PM, Plaintiff finished his work, but he felt sick and left 15 minutes earlier. Ten minutes later, chef Thomas LNU texted Plaintiff, reprimanding him. Plaintiff apologized to him and promised not to do it again.

61. On Monday, June 07, 2022. Plaintiff returned to work as scheduled, chef Thomas LNU still seemed angry at Plaintiff. Around 4:00 PM Plaintiff was called to a meeting with Floor manager Jonathan LNU and chef Thomas LNU. In the meeting, Plaintiff was given a warning, and he was put on probation for 90 days for "leaving 15 minutes earlier."

62. The same day, around 7:22, Plaintiff texted chef Thomas LNU asking about his unpaid overtime hours. The chef stated that they would have a conversation with Floor manager Jonathan LNU the next day.

63. This complaint constituted protected activity under the Fair Labor Standards Act.

64. The next day, Tuesday, June 07, 2022, Plaintiff met with chef Thomas LNU, Floor manager Jonathan LNU, GM Adam Duffley, and an H.R. representative (woman). Plaintiff was told that he had to work a minimum of 50 hours every week. Plaintiff answered that he wanted to be paid for those overtime hours. Plaintiff was informed that he was suspended until they called him to work. Plaintiff thought it was a very unfair sanction. Defendant was punishing him for leaving 15 minutes early when he was working more than 50 hours weekly without overtime payment.

65. However, the same day, around 4:00 PM, Plaintiff received a call from GM Adam Duffley informing him that he was terminated because he had signed a warning and he did not show up for work that day, June 7, 2022.

66. At all time during his employment with Defendant, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

67. There is close proximity between Plaintiff's last protected activity and his termination.

68. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

69. Plaintiff Lizardo Aliaga seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

70. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### Prayer for Relief

WHEREFORE, Plaintiff Lizardo Aliaga respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant The Karol Hotel that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant The Karol Hotel to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Lizardo Aliaga further prays for such additional relief as the interests

of justice may require.

## Demand for a Jury Trial

Plaintiff Lizardo Aliaga demands a trial by jury of all issues triable as a right by jury.

Dated: July 28, 2022

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone:   (305) 446-1500
        Facsimile:   (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*